The opinion of the Court was delivered by
Bermudez, C. J.
Two questions only are presented in tbis apparently complicated case. They are :
1. Are the defendants entitled to receive the proceeds of sale realized in this suit,‘to distribute them, by an account in the succession of the deceased, which they represent.
2. Has a purchaser of real estate at the judicial sale made in this case, the right to proceed, as he has done, with a view to clear the property acquired by him, from the encumbrances which burden it.
From a judgment dismissing the rule of the executors for the proceeds, those officials have appealed. From the ex parte order and rule, initiating proceedings contemplating the ultimate cancellation of inscriptions against the property, the plaintiff has appealed. His right to do so is disputed by no one, and may be considered as admitted by the tacit acquiescence of those concerned in resisting it. '
.1.
The record shows that L. B. Cain, in 1878, in order to secure the. payment of a number of notes of his, each for $5,000, payable at one and two years, amounting, in the aggregate to $100,000, mortgaged in favor of Henry Roos, two pieces of real estate belonging to him, situate .in this city. It is immaterial to state to whom those notes afterwards passed and how a portion of them, was, by consent between the holder of another portion, given a priority.
It is enough to say that the plaintiff, having become the owner of •six of the notes, in favor of which a preference had been granted, and *662 remaining “unpaid, instituted proceedings via exeeativa, to satisfy his claim, which was for $30,000, with interest, attorney’s fees, costs, etc.
■ At the sheriff’s sale, the two pieces of real estate were adjudicated to different purchasers. One was bid off to Lobe & Co. for $67,000, and the other to M. Prank, for $27,550, together $0-1,550. The former paid $10,000 and'the latter $5,000 to the sheriff, and both retained the balance of the price of adjudication.
■ Some time after the sale, the executors of Cain, defendants in this suit, took a rule-on the plain tiff,the purchasers and the sheriff, to show cause why the entire'amorint of the sales should not' be paid over to them, to be distributed by them in the mortuary proceedings, on the grounds: that the succession of Cain was thoroughly insolvent, and that the claims, mortgages, liens, privileges, etc., against the proceed» of sale, being of a conflicting character, it was absolutely necessary that the funds should be distributed in that mode.
The sheriff, on the suggestion that P. S. Wiltz, as the representative of the succession of one Weil, claiming to be a mortgage creditor, had instituted proceedings to have all the notes and mortgages declared null and.of no effect, made him a party to the proceedings. Lobe & Co., who had purchased one of the pieces of property, next took a rule against .the succession of Weil, against the executors, widow Cain, individually, besides* H. Roos, the .original mortgagee, the New Orleans Canal & Banking Company, the plaintiff, the slieriff, and the recorder, of mortgages, to show cause why, on payment of the price of adjudication, the inscriptions against the property should not be cancelled and erased and a clear title be given to them. . 11
The executors acquiesced in this rul.e, provided the payment was made to them. The plaintiff excepted .to the proceeding by rule; Wiltz, administrator, too, likewise objected to the form. Mr. Frank, the other purchaser, made no appearance.
The rule taken by Lobe & Co. was, discontinued, and will not be further considered. It provoked the accomplishment of the object for which it is said that it was taken.
After trial of the rule of the executors, the Court discharged it without prejudice to the right of the executors, to claim out "of the proceeds of'sale, contradictorily with the parties in-interest, the debts recognized by law as privileged, and outranking the' mortgage sued. on. From the entire ruling the executors have appealed.
' It is clear, under the settled jurisprudence of this State, that the plaintiff had-a right to proceed, via exeeutiva, notwithstanding the death of L. B. Cain, and to do so contradictorily with his executors. 1 A. 204 ; 2 A. 509; 6-A. 446; 12 A. 551, 501-.*..: If' he had that right, he possesses also that of having the writ in his favor executed, not only by *663 the sale of the property mortgaged to secure the payment" of his notes, but also by the application of the proceeds of sale to that payment, to the extent to which he had a right to participate in them, the notes held by him being secured concurrently with others, on the same real estate and by the .same act of mortgage. '
■ It is another well settled principle, that a purchaser at a judicial sale made to satisfy a writ, is not bound to pay to the sheriff, whatever the price of adjudication may be, an amount exceeding that called for by the writ; that if he assume to do so, creditors entitled to a mortgage or privilege, cannot-be thereby deprived, of their security; that he constitutes the sheriff individually his agent, and would have no recourse against his surety in case of a diversion of funds. 2 R. 214; 5 A. 313; 24 A. 381; 27 A. 60; 18 A. 65; 31 A. 86; 7 R. 44; 16 L.170; 18 A. 641; 29 A. 120.
The retention of the surplus of the writ by the purchasers, produces a right or claim in favor of the creditors who may be entitled to be. paid out of that surplus. It is only' by paying them, that he can discharge himself from what responsibility he may have incurred, and. release the property from the encumbrances .upon it. By paying the sheriff, who is the legal agent of the seizing creditor, he pays the latter and thus liberates both himself and the property to the extent of the. creditor’s rights' against it. From • no possible standpoint, can it be claimed that the executors can pretend to receive any portionnof the price of adjudication in this case, whem-it is apparent, that it would be. entirely absorbed by the creditors of .the deceased, whose titles have been duly inscribed;. From the moment that the,seizure was effected,* they were divested of the right of possession; from the instant that the* sale took place, they ceased — and with them the succession of Cain — to have any right of ownership in the. real estate adjudicated under the' writ. The case would be different, if after the payment, of the seizing creditor and retaining an amount sufficient to pay anterior, concurrent and subsequent mortgage and privilege creditors, there remained ..a balance of the price of adjudication; but it would be only to such, balance that the executors could raise their claim. C. P. 683, et seq., also 707; 16 L. 170; 5 A. 306; 24 A. 381; 30 A. 323; 32 A. 325.
The court.which, was first seized of jurisdiction, which issued the, writ under which the .property was sold, has the exclusive right of: distributing the proceeds of sale, paid to the sheriff in satisfaction' of the writ in his hand. C. P. 130; 15 A. 636.
We do not consider that, in reviewing the judgment dismissing the executors’ rule, we are called upon to determine ■ any other question than that of the right of- the executors to receive the proceeds of the *664 sales. We have no concur sus before us, and no prayer for an amend-, ment of the judgment, which, as far as reviewed, being correct, must be affirmed with costs.
II.
The next question presented, involves the right of the purchasers, Lobe & Co., to proceed, as they have done, to cancel the claims and mortgages securing the same, against the property adjudicated to them.
The petition presented by them is termed an intervention, and was filed after the adjudication. It contains substantial allegations for relief, and a prayer which provoked the order rendered upon it, is in the words and figures following:
“ Let this petition of intervention be filed, and let the parties herein named be cited as prayed for, and let the amount of adjudication herein mentioned be deposited as a special deposit in the hands of the State National Bank, on or before the first day of October, 1881, or thepavties sliow cause to the contrary on said day, and let notice of this filing of this petition, to all whomever it may concern, be given by advertisement in the New Orleans Democrat, commencing on Sunday, August 14th, 1881, and every succeeding Sunday until October 1st, 1881, as prayed for in the within petition.”
There can be no doubt that a purchaser- at a judicial sale has the right of disencumbering the property adjudicated to him, in the same manner as the expropriated owner could have done had he not been divested of ownership by the seizure and sale; that is, by paying the creditors, to secure whose claims the property was burdened. But although this right be co-extensive, it is not greater; and the obligation of payment, to which the purchaser may have subjected himself, by retaining a portion of the price, is not the same.
The owner, who had mortgaged the property to pay his own debt, is liable, personally, for the whole indebtedness, while the purchaser is not. His responsibility, whatever it be, is to be measured by the amount of the adjudication, to pay which, the property remains burdened. C. P. 708 ; 10 A. 286.
What the rights or claims may be, which creditors interested in the amount retained may have, we'are not called upon to declare in this controversy, and we will abstain from doing so.
Whatever that right be, and whatever the mode be, in which it can bo exercised, the order obtained on the proceeding instituted by Lobe & Co., which we would be made to view as an interpleader, is not sanctioned by law or precedents in this State. 7 A. 297; 7 R. 398; 1 A. 145, 330; 2 A. 987; 11 A. 489; 2 A. 650; 6 A. 485; 18 A. 641; 21 A. 401.
*665 As Cain could not have asked and procured such an order, his vendee, who has no greater rights than he himself could have asserted, cannot resort to that form of proceeding for relief.
The right of a purchaser should be averred in a direct action, independent from the main suit in which the writ issued, and the property was sold; the proper averments must be made, the creditors interested must be named and must be reached by the process of the court where they will be bound to plead. 21 A. 101, and authorities there cited.
Where it is not asserted in that form, and parties do not object, the judgment rendered will be as valid as if it had been rendered in a direct suit.
We do not propose to pass upon the regularity of the proceeding by “intervention” in this case, which is not before us, no exception having been taken and sustained dismissing it. We are called upon merely to revise the correctness of the' order. We l^ve done so. The plaintiff is entitled to proceed with his intervention, as though the order thereon had not been rendered.
Judgment creditors can, however, in proper cases, proceed by rule. 1 A. 330; 2 A. 650; 24 A. 256; 25 A. 146; 27 A. 293; 28 A. 754; 29 A. 319, 358.
It is only after hearing all concerned in the amount retained by the purchaser, and in the inscriptions securing payment, that the court can pass upon the correctness and dignity of each claim, and allow, reject, or regulate the same. It is. only after such judgment has become final and executory, that the purchaser is authorized to pay, and can force the creditor to receive payment, and, in default, can deposit the amount, accruing to him, contradictorily with him, in such manner as the court may, under the law, determine.
The court was without power or authority to issue in limine an ex parte order directing the amount of adjudication to be specially deposited in a bank, on or before a fixed day, unless parties concerned show cause to the contrary on said day. Neither could it notify the filing of the petition to all whom it may concern, by advertisement in a newspaper during a specified period.
It is in the course of proper proceedings, that the validity and effect of the sale, together with the reality and dignity of the claims of the creditors will have to be tested and decided.
An inscription duly made can be erased only with the creditor’s consent, or by a valid decree of court contradictorily obtained. 8 R. 97, 130; 8 A. 58; 2A.606; 21 A. 401; 29 A. 848; 2 L. 489 ; 4 L. 17; 5 L. 329 ; 6 R. 299; 11 R. 171.
Any judgment which would be rendered on the petition of Lobe & *666 Co., unless after issue joined by appearance, or by default obtained after proper service of citation, would be absolutely void.
Tiie advertisement can supply neither the ser%dce of the petition, viewed as a rule to show cause, nor the service of the same, considered as the statement of the cause of action, prayer for relief,, nor of the citation which the law requires in such action. Parties concerned, not cited and served, and not waiving citation and service and not joining issue, would not be bound by such proceedings.
While wo are far from denying that Lobe & Co. are entitled to adequate relief under our own laws and jurisprudence, we do not consider that they can obtain it by resorting to the proceedings which they have inaugurated. 2 A. 987; 34 A. 54; Partida III, t. II, 1. 46.
For that reason, among others, we cannot pass upon the validity and effect, even if founded on the suit brought by the representative of the succession of Weil, the merits of which will have to be considered at the proper time, -j^ien presented in the proper form.
We have read with unusual interest the able brief presented on behalf of Lobe & Co., in vindication of the proceeding, but while we give it the credit to which it is entitled, we niust withhold our concurrence in the legal propositions which it advances. It is not until after the Legislature will have adopted and formulated them, in the shape of a law, that we will feel authorized to admit them as guides, binding upon us, and to carry them out accordingly.
We think that, the petitioners are extended ample relief by our own laws and jurisprudence. This dispenses us from borrowing from other systems on the subject.
The order was improvidently rendered and should be rescinded.
For the reasons contained in the foregoing opinion :
It is ordered and decreed, that the judgment appealed from, discharging the rule of the executors for the proceeds of sale, be affirmed, at the cost of appellants.
It is further ordered and decreed, that the ex parte order rendered on the 9th of August, 1881, on the petition of Lobe & Co., filed on that day, be annulled and set aside, and that the prayer therein, for such ex parte order, bo refused, without prejudice to further proceedings on the petition itself, contradictorily with the parties therein asked to be cited, the costs on the appeal from the order, including the cost of rendition of the order, to be paid by Lobe & Co.
Levy, J., absent.